**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5019**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NOE ESCALERA,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.   Lacy H. Thornburg, District Judge.  (CR-03-116)

---

Submitted:  June 22, 2005               Decided:  July 19, 2005

---

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Ronald Carl True, Asheville, North Carolina, for Appellant.  Thomas Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Noe Escalera pled guilty to unlawfully entering the United States after deportation in violation of 8 U.S.C. § 1326(a), (b)(2) (2000).  He was sentenced to forty-eight months in prison. Escalera appeals, claiming his sentence was imposed in violation of United States v. Booker, 125 S. Ct. 738 (2005).  We affirm his conviction and sentence.

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  This exception originated in Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998), in which the Supreme Court held that the government did not need to allege in its indictment or prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.

In United States v. Booker, 125 S. Ct. 738, 756 (2005), the Supreme Court reaffirmed Apprendi, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt".  We recently held in United States v. Washington, 404 F.3d 834, 842-43

(4th Cir. 2005), that not all prior convictions fall within the Apprendi exception framework. Applying the Supreme Court's decision in Shepard v. United States, 125 S. Ct. 1254 (2005), we found that relying on facts outside the indictment in order to conclude a prior conviction for burglary was a crime of violence that enhanced the defendant's offense level was plain error. However, Escalera's case is distinguishable. In United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002), we held that the offense of taking indecent liberties with a child falls within the federal definition of a crime of violence as a matter of law. Thus, there was no need for the district court to look at facts outside of the indictment in the case. Accordingly, we affirm Escalera's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED